UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christan Figliano,                                    Case No.  3:22-cv-0322

                    Plaintiff

v.                                                    MEMORANDUM OPINION
                                                      AND ORDER

United States Government, et al.,

                    Defendants

## BACKGROUND AND HISTORY

*Pro se* Plaintiff Christan Figliano, a Canadian resident, filed this action against the United States Government, the State of Ohio Police, the Toledo Police, the University of Toledo Police, Judge Stacey Cook, the Northern Ohio Psychiatric Hospital, Justin Marsh, J. Lavey, Brian Boerst, Alan Lowery, the University of Toledo Medical Center, the Lucas County Sheriff's Office, Officer Perlinski, Officer Kwapich, St. V's Hospital, Authors of False Police Report, Radisson Hotel, John Doe Defendants, Attorney Stephen Growth, Stephen Growth and Associates, Chandra law Firm, and the Lucas County Jail.  In the Complaint, Plaintiff alleges that he was attacked in an elevator at a fitness center and was detained for five months.  He asserts a claim for wrongful imprisonment and seeks five million dollars in damages.  He also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2).  That Application is granted.

Plaintiff alleges he was in the fitness center shared by the Radisson Hotel and the University of Toledo Medical Center on February 27, 2020 when he was accosted by two males dressed all in

black in the changing room.  He contends the males used derogatory language which made him believe he was being targeted because the men were homophobic.  He alleges he fled the changing room and made it to an elevator.  He states that the men followed him to the elevator and attacked him.  He claims he acted to defend himself and escape.  He states the men opened the door and shot him with tasers.  He contends they placed him in restraints.  Plaintiff alleges he was detained within the United States for five months.  He states his lawyers did not provide him with proper representation and the judge ran a corrupt courtroom.  He asserts he was wrongfully imprisoned.

The dockets of the Toledo Municipal Court and the Lucas County Common Pleas Court reveal that Plaintiff was approached by security guards at the Morse Center at the University of Toledo Medical Center.  The officers reported Plaintiff became aggressive with them, punching one of the officers in the face, repeatedly kicking him and throwing a metal multi-tool at the officer's face.  He then threw a metal padlock, a garbage can, and a basketball at the officer before fleeing into the elevator.  *See State of Ohio v. Figliano*, Case Nos. CRA-20-02292, CRB-20-02293 (Toledo Mun. Ct. filed Feb. 28, 2020).

In the elevator, Plaintiff ripped apart the metal box containing the emergency telephone and banged the box hard against the door causing significant damage to the door.  He also began to rip the wires from the telephone.  He then lit pieces of paper and dollar bills on fire inside the elevator in an attempt to start a fire.  When officers attempted to pry open the door, Plaintiff spit at them and attacked one of the officers with the metal box.  *Id.*  He was charged with disorderly conduct, assault, assault on a peace officer, and criminal damaging.  *Id.*  He was released on his own recognizance on February 28, 2020.  *Id.*

Those municipal court charges were dropped when the Lucas County Grand Jury returned an indictment charging Plaintiff with assault (M1), vandalism (F5), and two counts of harassment with a bodily substance (F5).  *See State of Ohio v. Figliano*, No. G-4801-CR-202001447 (Lucas Cty Comm. Pl. Ct. indict. Filed Mar. 10, 2020).  He pled not guilty by reason of insanity.  His attorney

requested that he be evaluated for competence to stand trial.  *Id.*  When he was found to be incompetent to stand trial on May 13, 2020, the trial judge ordered him to he transferred to the Northwest Psychiatric Hospital for a maximum period of one year.  The case was dismissed on June 26, 2020.  *Id.*

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

ANALYSIS

Plaintiff's only discernable legal claim is one for false imprisonment, which is a state law tort claim.  The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction.  *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996).  A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied.  *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957).

Plaintiff must point to some statute waiving sovereign immunity for the type of suit which he now brings. The Federal Tort Claims Act, 28 U.S.C. § 2671, waives sovereign immunity for state law tort claims asserted against federal government officials; however, none of the Defendants is a federal official.  It does not apply to claims against state actors. Plaintiff has not referred me to any statutory or case law authority which would allow him to maintain an action against the United States for a violation of state law committed by state authorities and private entities.  I lack subject matter jurisdiction to consider any claims asserted against the United States.

Furthermore, Plaintiff fails to state a claim for relief against the remaining Defendants. Claims of false imprisonment are made by showing (1) the intentional detention of the person, and (2) the unlawfulness of the detention.  *See Barnes v. Meijer Dep't Store*, No. CA2003–09–246. 152004 WL 720906 (Ohio App. 12 Dist. Apr. 5, 2004).  As an initial matter, the limited factual allegations in the Complaint fail to suggest how any of the Defendants was involved personally in Plaintiff's detention.  In that way alone he failed to state a claim upon which relief may be granted.

Moreover, false imprisonment requires that the detention be unlawful, meaning the Plaintiff was confined without legal process.  *Norwell v. Cincinnati*, 133 Ohio App.3d 790, 810, 729 N.E.2d 1223, 1237 (1999) (citing *Rogers v. Barbera*, 170 Ohio St. 241, 243-44, 164 N.E.2d 162, 164 (1960)).  It is not concerned with good or bad faith or malicious motives.  *Id.*  Because an arrest based on probable cause is a lawful detention, a finding of probable cause serves to defeat false imprisonment claims. *Radvansky v. City of Olmstead Falls* 395 F.3d 291, 315 (6th Cir. 2005).  Warrants were issued for

4

Plaintiff's arrest in the Toledo Municipal Court and indictments were issued in the Lucas County Court of Common Pleas. Those documents all require a finding of probable cause. Plaintiff fails to allege facts to suggest he was detained unlawfully.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge